J-S02006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN CORLISS | : | |
| | : | |
| Appellant | : | No. 2041 EDA 2024 |

Appeal from the Order Entered July 12, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001749-2013

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED FEBRUARY 12, 2025**

Justin Corliss appeals, *pro se*, from the order, entered in the Court of Common Pleas of Monroe County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

In 2016, Corliss was convicted of involuntary deviate sexual intercourse of a child and related sex offenses. Corliss was sentenced on October 7, 2016, and his judgment of sentence was affirmed by this Court on December 28, 2017. **See Commonwealth v. Corliss**, 181 A.3d 1212 (Pa. Super. 2017) (Table). On October 30, 2018, our Supreme Court denied Corliss's petition for allowance of appeal. **See id.**, 196 A.3d 616 (Pa. 2018) (Table). Since 2018, Corliss has filed two PCRA petitions, both of which were denied. **See id.**, 293 A.3d 595 (Pa. Super. 2023) (Table) (summarizing procedural history).

Our Supreme Court denied review of Corliss's second PCRA petition on September 12, 2023. ***See id.***, 304 A.3d 326 (Pa. 2023) (Table).

On July 1, 2024, Corliss *pro se* filed the instant PCRA petition, styled as a "Habeas Corpus as Applied Challenges to Unconstitutionally Vague Criminal Statutes and *Ex Post Facto* Violating Sentencing Legislation." ***See*** Habeas Corpus Petition, 7/1/24, at 1-24. On July 12, 2024, the trial court issued an order treating Corliss's petition as a habeas corpus petition, rather than a PCRA petition, concluding that Corliss's claims had been previously litigated and denying his habeas corpus petition. ***See*** Order, 7/12/24, at 1-5.

Corliss *pro se* filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court also complied with Rule 1925(a) and, in its opinion, concluded that Corliss's habeas corpus petition was subsumed by the PCRA, was untimely, and failed to plead and prove an exception to the PCRA time bar.[1] ***See*** PCRA

---

[1] We acknowledge that, because the trial court did not initially treat the habeas corpus petition as a PCRA petition, it did not give Corliss Pa.R.Crim.P. 907 notice of its intent to dismiss his petition or afford him the opportunity to amend his petition.

We observe that, on September 7, 2024, Corliss filed in this Court an application for relief, requesting, in part, that his case be remanded so that he may address the PCRA court's conclusion that his habeas corpus petition was a PCRA petition. ***See*** Application for Relief, 9/7/24, at 1-8. This Court, on October 4, 2024, denied Corliss's application for relief without prejudice for Corliss to raise the issue in his Appellate Brief. ***See*** Order, 10/4/24, at 1. In his appellate brief, Corliss appears to revive his application for relief. ***See*** Brief for Appellant, at 10-11. However, it is well-settled law that we need not remand for a PCRA court's failure to issue a Rule 907 notice where it is clear
*(Footnote Continued Next Page)*

Court Opinion, 8/21/24, at 1-2. Corliss now raises the following claims for our review:

> 1. Whether the habeas court erred and abused [its] discretion when [it] acted to *sua sponte* refuse relief, based on extra-record claims, on as[-]applied constitutional challenges to certain statutes without allowing the Commonwealth an opportunity to defend.
>
> 2. Whether the habeas court erred and abused [its] discretion in:
>
>> a. Failing to apply the proper standard of review regarding *ex post facto* challenges, i.e. determining whether 42 [Pa.C.S.A.] § 9718.2 is retrospective and does it apply to events occurring prior to its enactment; and
>>
>> b. Failing to support [its] claims in denial with any supporting authorities; and
>>
>> c. Failing to account for the third **Calder** category where [Corliss] is disadvantaged by [section] 9718.2 imposing heightened criminal penalties compared to the state of the law, regarding notice, that existed in 1998; and
>>
>> d. Failing to discern whether [section] 9718.2 relates back to the false 1998 conviction and gives it a legal effect different from the law in 1998, presenting a sufficient risk of increasing the measure of punishment that would have attached is 1998; and
>>
>> e. Failing to recognize that [section] 9718.2 relies on [section] 9799.14, which statute applies only to those who committed acts after December 20, 2012, which statute

_____

that the petition is untimely. **See Commonwealth v. Ziegler**, 148 A.3d 849, 851 n.2 (Pa. Super. 2016). Here, as we discuss **infra**, Corliss's habeas corpus petition is subsumed by the PCRA, that it is untimely, and that he failed to plead and prove a timeliness exception. Consequently, we need not remand for the issuance of a Rule 907 notice. **See Ziegler**, **supra**.

substantially increases one's exposure to a plethora of crimes not encompassed under [section] 9799.51; and

f. Failing to discern whether [section] 9718.2 increased punishment against [Corliss] for alleged prior crimes; thereby, changing the quantum of punishment attached to crimes in 1998.

3. Whether the habeas court erred and abused [its] discretion when claiming that while the General Assembly has clearly identified certain serious felonies as "crimes of violence," that the doctrine of *in pari materia* does not apply and judges can randomly allow entirely nonviolent conduct be prosecuted as crimes of violence rendering the statutes unconstitutional vague.

4. Whether the habeas court erred and abused its discretion in claiming, through motivated ignorance, that the rule of repose under 42 Pa.C.S.A. § 5552(c)(3) is not facially unconstitutional when it acts to revive crimes whose statutes of limitations have already expired.

Brief for Appellant, at 4-6 (footnote omitted).

First, we must determine whether Corliss's underlying habeas corpus petition is an untimely PCRA petition. The PCRA provides, in relevant part, as follows:

The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and *coram nobis*. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S.A. § 9542. "In construing this language, Pennsylvania Courts have repeatedly held that the PCRA contemplates only challenges to the propriety of a conviction or a sentence." ***Commonwealth v. Heredia***, 97 A.3d 392,

394 (Pa. Super. 2014) (citation omitted). Accordingly, if the PCRA offers a remedy for an appellant's claim, it is the sole avenue of relief and the PCRA time limitations apply. **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013). Additionally, challenges to the legality or constitutionality of a sentence are cognizable under the PCRA. **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999); **see also** 42 Pa.C.S.A. § 9542 (claims challenging legality of sentence cognizable under PCRA); **id.** at § 9543(a)(2)(i) (claims challenging constitutionality of sentence cognizable under PCRA). Phrased differently, a defendant cannot escape the PCRA time-bar simply by styling his petition or motion as a writ of habeas corpus.

Instantly, Corliss's habeas corpus petition only challenges the legality or constitutionality of his judgment of sentence. Consequently, we discern that Corliss's habeas corpus petition is actually a PCRA petition. **See Taylor**, **supra**; 42 Pa.C.S.A. §§ 9542, 9543(a)(2)(ii).

Next, we must determine whether Corliss's PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." **Id.** at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may

- 5 -

not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Corliss's judgment of sentence became final, for purposes of the PCRA, on January 28, 2019, when the time expired for Corliss to file a writ of certiorari in the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(1)(3); Sup.Ct.R. 13; *see also Corliss*, *supra* (concluding Corliss's judgment of sentence final for PCRA purposes on January 28, 2019). Consequently, Corliss's instant PCRA petition was filed more than four years late and, thus, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). These three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

"The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017).

Corliss fails to plead or prove any of the exceptions to the PCRA's time-bar. Rather, Corliss erroneously continues to assert that he filed a habeas corpus petition. Accordingly, we conclude that Corliss's PCRA petition is untimely, the PCRA court lacked jurisdiction to consider its merits, and did not err in dismissing it. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); **see also Spotz**, **supra**; **Albrecht**, **supra**.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2025